UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERROL VICTOR SR.**      **CIVIL ACTION**

**VERSUS**      **NO. 19-838**

**LOUISIANA STATE PENITENTIARY**      **SECTION "D"(2)**

### REPORT AND RECOMMENDATION

The petitioner, Errol Victor Sr., filed a letter seeking to withdraw his federal habeas corpus petition brought under 28 U.S.C. § 2254. Rec. Doc. No. 20. Victor asserts that his 2014 conviction for second degree murder in St. John the Baptist Parish is not final and is pending review in the United States Supreme Court. Victor's letter is construed as a notice of his intent to voluntarily dismiss his claims under Fed. R. Civ. P. 41(a), applicable to this federal habeas case pursuant to Rule 12 of the Rules Governing Section 2254 Cases.

A petitioner may voluntarily dismiss an action without court order and without consent of respondents by filing a notice of dismissal before service of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i); Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979). The notice under this rule is effective immediately and does not require court action. Montoya v. FedEx Ground Package Sys., Inc., 614 F.3d 145, 148 (5th Cir. 2010). "[I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself." Qureshi v. United States, 600 F.3d 523, 525 (5th Cir. 2010). The notice "itself closes the file [. . .]. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone." American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963).

Victor's letter is sufficient notice under Rule 41(a)(1)(A)(i) for dismissal of this case without prejudice. The dismissal is appropriate because the State has not filed a responsive pleading, which is not due until September 9, 2019. Rec. Doc. No. 19. The dismissal also does not prejudice or compromise the State's defenses to a future petition. While no dismissal order is needed, I recommend that the court enter an order of dismissal without prejudice, as a matter of precise record maintenance and to insure clear notice to defendant.

## RECOMMENDATION

It is **RECOMMENDED** that this case **be DISMISSED WITHOUT PREJUDICE** pursuant to Errol Victor Sr.' notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ____9th____ day of August, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.